**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KRAFT HEINZ FOODS COMPANY, :
et al., :     C.A. No.: K24C-02-032 JJC
          Plaintiffs, :
                    :
                    :
                    :
          v. :
                    :
GROOME INDUSTRIAL SERVICE :
GROUP, LLC, :
                    :
                    :
          Defendant. :

Submitted: May 15, 2025
Decided:   May 21, 2025

## ORDER

On this 21st day of May 2025, having considered an application by Defendant Groome Industrial Service Group, LLC ("Groome") for certification of an interlocutory appeal, and Plaintiffs' opposition, it appears that:

1.     This suit involves subrogation claims filed by various insurers on behalf of Plaintiff Kraft Heinz Food Company (hereinafter, all plaintiffs are collectively referred to as "Kraft") to recover amounts paid to Kraft under various policies. Kraft alleges that Groome breached several contractual duties when it cleaned industrial silos at Kraft's plant in Dover, Delaware.[1] Groome allegedly incorrectly reported to Kraft that the silo was clean and ready for use.[2] Kraft then filled the silo with fructose. Groome, however, had allegedly left equipment inside the silo that was

---

[1] Compl. (D.I. 1).
[2] *Id*. at ¶ 8.

crushed, mixed throughout the product, and ruined it.[3]  As a result, Kraft contends that Groome caused it greater than $6 million in damages which the company's insurers paid the company under various policies.[4]  Kraft's insurers now seek to recover those payments from Groome in subrogation.  A bench trial is scheduled to begin on August 25, 2025.

2.      Groome filed a recent motion to demand a jury trial and Kraft opposed it.[5]  The dispute over the manner of trial turned on jury trial waiver language in the parties' contract.[6]  After considering the parties' submissions and contentions, the Court denied Groome's motion orally for the reasons provided after the argument.[7]  As the Court explained, the contract contains an unequivocal waiver of the parties' right to a jury trial.  When denying the motion, the Court rejected Groome's primary argument that the waiver was unenforceable because it was not sufficiently conspicuous.  As the Court further explained, Kraft and Groome are commercially sophisticated parties and Kraft's standard terms and conditions—which included the jury trial waiver provision—became part of the contract when Groome performed the services requested in the purchase order.

3.      Groome now asks the Court to certify an interlocutory appeal of the Court's decision.  When doing so, Groome does not address the tiered decision process that applies to such requests.  Rather, it focuses solely on the most general of Supreme Court 42(b)(iii)'s eight factors—that certification would serve the

---

[3] *Id.*

[4] *Id.* at ¶ 39.

[5] Def.'s Mot. for Jury Trial (D.I. 46); Pls.' Resp. in Opp'n to Def.'s Mot. for Jury Trial (D.I. 53). The parties flagged the dispute over the nature of trial at the trial scheduling conference but did not raise the issue formally with the Court until recently.

[6] In Kraft's standard terms and conditions, referenced in the purchase order at issue, paragraph 11 addresses "Dispute Resolution and Governing Law."  There, it provides that "[t]he parties waive their right to a jury trial in any action or proceeding arising out of or related to the PO or Order." D.I. 53, Ex. G at ¶ 11.

[7] Order (D.I. 57).

interest of justice. To that end, Groome emphasizes its constitutional right to a jury trial absent a valid waiver. In conclusory fashion, it then contends that resolving the matter through a bench trial would cause "irreparable harm, substantial prejudice, and excessive costs to the parties."[8]

4.      Kraft opposes certification. It focuses on Groome's failure to cite specific grounds that address the threshold inquiry for certifying interlocutory appeals – the material importance of the challenged decision. Kraft further emphasizes that (1) resolution of this issue on appeal will not terminate the litigation, (2) the challenged decision involves an issue of contract interpretation which is a heavily disfavored ground for an interlocutory appeal, and (3) Groome faces no irreparable harm by permitting the case to proceed to trial because it will retain the later right to appeal the decision.

5.      Superior Court Civil Rule 74 and Supreme Court Rule 42 provide the standard for certification of interlocutory appeals. At the outset, interlocutory appeals are the exception and not the rule.[9] They are disfavored because they disrupt the flow of litigation, cause delay, and exhaust party and judicial resources.[10] When considering certification, the threshold question is whether the challenged order "decides a substantial issue of material importance that merits appellate review before a final judgment."[11] When faced with an application for certification, a trial court must first consider this general standard. Then, if appropriate, the inquiry progresses to whether the application meets one or more of the eight factors in Supreme Court Rule 42(b)(iii).[12] As a final step, the Court must weigh the likely

---

[8] Appl. for Certification of Interlocutory Appeal at ¶ 3 (D.I. 60).
[9] *Black v. Hollinger Int'l, Inc.*, 856 A.2d 1066, 2004 WL 906587, at *1 (Del. Apr. 23, 2004) (TABLE).
[10] *Id.*
[11] Supr. Ct. R. 42(b)(i).
[12] Supr. Ct. R. 42(b)(iii). Those factors include:

benefits of certification against the probable costs.[13] That final step includes a totality review, as required by the last paragraph in Supreme Court Rule 42(b)(iii). Namely, it requires the Court to consider the material importance of the issue, whether possible certification is triggered by satisfying one or more of the eight factors, and the most efficient and just schedule to resolve the case.[14]

6. At the outset, Groome's application is denied because it does not qualify as an issue of "material importance that merits appellate review before a final judgment."[15] Here, the Court's decision does not resolve any issue of merit.[16] Trial will proceed in short order, and Groome will retain the right to argue on appeal, if necessary, that the contractual waiver was unenforceable. Moreover, as Kraft correctly emphasizes, Groome's argument turns on an issue of contract interpretation and the claimed inconspicuousness of the waiver in the contract. As Delaware

---

(A) [t]he interlocutory order involves a question of law resolved for the first time in this State;

(B) [t]he decisions of the trial courts are conflicting upon the question of law;

(C) [t]he question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

(D) [t]he interlocutory order has sustained the controverted jurisdiction of the trial court;

(E) [t]he interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F) [t]he interlocutory order has vacated or opened a judgment of the trial court;

(G) [r]eview of the interlocutory order may terminate the litigation; or

(H) [r]eview of the interlocutory order may serve considerations of justice.

[13] *See* Supr. Ct. R. 42(b)(iii).

[14] *Id.*

[15] Supr. Ct. R. 42(b)(i).

[16] *See* 4 Am. Jur. 2d *Appellate Review* § 147 (explaining that "[a] determination of the procedural question whether the trial in a state civil case should be with a jury or before the court without a jury generally is merely interlocutory and therefore not directly appealable . . .").

4

courts have repeatedly recognized, issues of contract interpretation rarely provide grounds for interlocutory appeals.[17]

7. Although Groome does not meet the threshold criteria for certification, the Court has nevertheless considered the factors in Rule 42(b)(iii) and Groome's contention that its application satisfies one of them: that is, whether the considerations of justice merit an interlocutory appeal.[18] Here, Groome fails to meet its burden under Rule 42(b)(iii) by simply alleging in conclusory fashion that it does. The application is independently denied on that basis as well.

8. Finally, when evaluating the most efficient and just schedule to resolve the case together with the considerations discussed above, the likely benefits of interlocutory review do not outweigh the probable costs. Namely, an interlocutory appeal will not terminate the litigation. Furthermore, disrupting the flow of litigation at this late stage of the process—with a trial scheduled this summer—would be inefficient and would vitiate the orderly flow of the litigation. That is particularly true in a case where two sophisticated commercial parties entered a contract that contained a waiver of jury trial in the clearest of language yet the request for certification approaches the eve of trial. On balance, neither the benefits of interlocutory review outweigh the probable costs, nor would the interests of justice be served by certifying the appeal under these circumstances.[19]

---

[17] *See e.g.*, *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499, 2016 WL 3621125 (Del. Jun. 28, 2016) (TABLE) (refusing to grant an interlocutory appeal in an insurance coverage dispute turning on issues of contract interpretation); *Robino-Bay Court Plaza, LLC v. W. Willow-Bay Court*, LLC, 941 A.2d 1019, 2007 WL 4463593 (Del. Dec. 21, 2007) (TABLE) (refusing to grant an interlocutory appeal where the underlying litigation revolved around issues of contract interpretation); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Northrop Grumman Innovation Sys., Inc.*, 248 A.3d 922, 2021 WL 1043988, at *2 (Del. Mar. 18, 2021) (TABLE) (recognizing that the Superior Court correctly declined to certify an interlocutory appeal where it "observed that a decision involving contract interpretation is not generally the type of undertaking worthy of interlocutory review").

[18] *See* Supr. Ct. R. 42(b)(iii)(H).

[19] In fact, even "[i]f the balance is uncertain, the trial court should refuse to certify the interlocutory appeal." Supr. Ct. R. 42(b).

**WHEREFORE**, for the foregoing reasons, Groome's application for certification of an interlocutory appeal is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*